## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUZETTE GRILLOT, <br><br>                Plaintiff, <br><br> v. <br><br> (1) STATE OF OKLAHOMA *ex rel.* (UNIVERSITY OF OKLAHOMA BOARD OF REGENT); <br><br> (2) JAMES L. GALLOGLY, (in his individual and official capacities) PRESIDENT, UNIVERSITY OF OKLAHOMA; <br><br> and, <br><br> (3) JON KYLE HARPER, (in his individual and official capacities) SENIOR VICE PRESIDENT AND PROVOST, UNIVERSITY OF OKLAHOMA. <br><br>                Defendants. | Case No. CIV-19-241-F |

## DEFENDANT'S MOTION TO DISMISS FIRST CAUSE OF ACTION

The defendant, the State of Oklahoma *ex rel.* the Board of Regents of the University of Oklahoma ("University") respectfully requests the Court to dismiss the plaintiff's claim for first amendment retaliation (First Cause of Action) under 42 U.S.C. § 1983 pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

According to her Amended Complaint, the plaintiff alleges – among other things – the University retaliated against her and terminated her position as Dean and Vice Provost

based on the plaintiff's protected speech.   The plaintiff claims a violation of her First Amendment rights under 42 U.S.C. § 1983 against the University. (Amended Complaint, Doc. 19, ¶¶ 59 – 63).   Under the Eleventh Amendment, the University is immune from suit in federal court for claims under § 1983.   Additionally, § 1983 liability is against a "person."   The State is not a "person" under § 1983.   As a result, this Court must dismiss the plaintiff's § 1983 claim against the University.

## ARGUMENTS AND AUTHORITIES

## I.   LEGAL STANDARD

The University moves to dismiss the first cause of action of the plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction over the cause of action.   Subject matter jurisdiction is a threshold question of law.   *Madsen v. U.S. ex rel. U. S. Army Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987).   A Rule 12(b)(1) motion may present either a facial challenge to the allegations in the complaint regarding the existence of subject matter jurisdiction or go beyond the allegations in the complaint and attach the underlying facts upon which subject matter jurisdiction is based by presenting affidavits and other evidence.   *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).   Here, the University makes a facial challenge to this Court's subject matter jurisdiction under § 1983.   The plaintiff's Amended Complaint fails to set forth any basis for this Court's jurisdiction.

In addition, the University moves for dismissal of the plaintiff's first cause of action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Dismissal is appropriate under Rule 12(b)(6) if it appears beyond doubt that the plaintiff

can prove no set of facts in support of her claim which would entitle her to relief. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). When deciding the sufficiency of a complaint under Rule 12(b)(6), the district court presumes that all the plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff. *Hall*, 935 F.2d at 1109. Under this standard, the plaintiff's first cause of action against the University under § 1983 should be dismissed.

## II.   THIS COURT LACKS SUBJECT MATTER JURISDICTION AS THE UNIVERSITY IS IMMUNE FROM PLAINTIFF'S § 1983 CLAIM UNDER THE ELEVENTH AMENDMENT.

This Court does not have jurisdiction over the plaintiff's § 1983 claim against the University for the alleged violation of her First Amendment rights. Generally, a state and its agencies are entitled to immunity under the Eleventh Amendment for actions brought in federal courts, whether the action seeks damages or equitable relief. *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.") If a state is named directly and has not consented to suit, it must be dismissed from the action. *Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).

The availability of immunity depends on whether the State has waived its immunity or whether the Legislature has abrogated that immunity.  The Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151, *et seq.* ("OGTCA") expressly retains the State's Eleventh Amendment immunity:

> The state, only to the extent and in the manner provided in this act, waives its immunity and that of its political subdivisions.  *In so waiving immunity, it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution.*

Okla. Stat. tit. 51, § 152.1(B)(emphasis added).  Further, Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 67 (1989).

Under Oklahoma's constitutional and statutory scheme, the Board of Regents, which supervises the University and in whose name all suits against the University must be brought, is an arm of the State.  *See Gay Activists Alliance v. Board of Regents*, 1981 OK 162, ¶ 30, 638 P.2d 1116, 1123 ("For the purpose of monetary damages, as an administrative agency, in essence an arm of the State, the Board [of Regents of the University] enjoys the privilege of Eleventh Amendment … immunity granted to the State").  The Tenth Circuit has long recognized that the University is an arm of the State and therefore entitled to Eleventh Amendment immunity.  *See e.g., Hensel v. Office of Chief Admin. Hrg. Officer*, 38 F.3d 505, 508 (10th Cir. 1994).  The State of Oklahoma has not waived its Eleventh Amendment immunity in this matter, nor has it been abrogated by Congress.  Sovereign immunity is a jurisdictional bar to suit.  *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).  The University has Eleventh Amendment immunity

for the plaintiff's claim for violation of § 1983 against the University, and the claim must be dismissed because this Court does not have subject matter jurisdiction.

## III. THE PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THE UNIVERSITY UNDER § 1983, AS THE UNIVERSITY IS NOT A "PERSON" UNDER THAT STATUTE.

In this matter, the plaintiff alleges a § 1983 claim against the University for violation of her First Amendment rights.  Section 1983 liability is against a "person."  For the plaintiff to state a claim under § 1983, she must sue a "person" as contemplated by the statute.  The University, as an arm of the State, is not a person under § 1983.  *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995); *see also Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Coopersmith v. Supreme Court of Colorado*, 465 F.2d 993, 994 (10th Cir. 1972).  As the plaintiff has not stated a claim under § 1983 against a person, the claim must be dismissed.

## CONCLUSION

WHEREFORE, the University respectfully requests dismissal of the plaintiff's claim for violation of her First Amendment rights under 42 U.S.C. § 1983 against the University and grant all additional relief the Court deems just and equitable.

Respectfully submitted,

/s/ *Anton J. Rupert*
Anton J. Rupert, OBA # 7827
Geren T. Steiner, OBA #18845
Rupert Steiner & Free, PLLC
14001 Quail Springs Parkway
Oklahoma City, OK  73134
(405) 607-1494
(405) 607-1450 – facsimile
Tony@RSFokc.com

Geren@RSFokc.com

Heidi J. Long, OBA #17667
Office of Legal Counsel
University of Oklahoma
660 Parrington Oval, Suite 213
Norman, OK  73019
(405) 325-4124
(405) 325-7681 – facsimile
hlong@ou.edu

*Attorneys for the defendant, the State of
Oklahoma ex rel. the Board of Regents of
the University of Oklahoma*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 29, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Rand C. Eddy
rand@lawokc.com

/s/ *Anton J. Rupert*