# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SUZETTE GRILLOT, )
)
    Plaintiff, )
)
-vs- )
) Case No. CIV-19-0241-F
STATE OF OKLAOMA ex rel. )
UNIVERSITY OF OKLAHOMA )
BOARD OF REGENTS, et al., )
)
    Defendants. )

## **ORDER**

Two motions are before the court.

1. The State of Oklahoma, *ex rel.* the Board of Regents of the University of Oklahoma (the University) moves for dismissal of the first cause of action alleged in the amended complaint. Doc. no. 21. Plaintiff filed a response brief, objecting to dismissal. Doc. no. 23. The University filed a reply brief. Doc. no. 26.

2. Plaintiff moves for leave to file a second amended complaint. Doc. no. 22. The University filed a response brief, objecting to the motion. Doc. no. 24. Plaintiff filed a reply brief. Doc. no. 25 (entitled as a response to the University's objection).

For the reasons stated in this order, both motions will be granted.

1. <u>University's Motion to Dismiss</u>

The first cause of action alleges a first amendment retaliation claim against the University under 42 U.S.C. § 1983. (The University is the only defendant with

respect to this claim.) The University, as an arm of the State of Oklahoma, asks the court to dismiss it from this claim based on eleventh amendment immunity. Because this is an immunity argument, the University seeks dismissal under Rule 12(b)(1), Fed. R. Civ. P., for lack of jurisdiction. The University also asks the court to dismiss it from the first cause of action under Rule 12(b)(6), Fed. R. Civ. P., arguing that it is not a "person" within the meaning of § 1983.

Plaintiff's response brief makes no arguments which contest the correctness of the University's immunity argument, and the court finds that plaintiff has effectively conceded that argument. The motion to dismiss is **GRANTED** on that basis. The State of Oklahoma, ex rel. University of Oklahoma Board of Regents is hereby **DISMISSED** without prejudice from the first cause of action of the amended complaint.[1] Rule 12(b)(1), Fed. R. Civ. P. Given that result, the court will not address the University's Rule 12(b)(6) argument.

2. <u>Plaintiff's Motion to Amend</u>

On September 12, 2019, the court entered a scheduling order which set an October 12, 2019 (October 15, 2019[2]) deadline for motions to amend. Doc. no. 18, ¶ 2. On November 18, 2019, plaintiff moved for leave to file a second amended complaint. Because the time for amendments had expired when plaintiff moved to amend, the standard which governs plaintiff's motion is established by Rule 16(b)(4), Fed. R. Civ. P. <u>Husky Ventures, Inc. v. B55 Investments, Ltd.</u>, 911 F.3d 1000, 1019 (10th Cir. 2018). Rule 16(b)(4) permits amendments only for good

---

[1] Because eleventh amendment immunity is jurisdictional, dismissal is without prejudice. <u>Colby v. Herrick</u>, 849 F.3d 1273, 1278 (10th Cir. 2017).

[2] The deadline established at the status and scheduling conference was October 12, 2019. Doc. no. 18, ¶ 2. That date was the Saturday before a federal holiday on the upcoming Monday, making motions for leave to amend due on Tuesday, October 15, 2019.

cause and with the judge's consent. *Id*. In practice, this standard requires the movant to show the scheduling deadlines could not be met despite the movant's diligent efforts. *Id*.

In support of her motion, plaintiff acknowledges that the amended complaint (doc. no. 25, the currently operable version of the complaint) includes certain errors which she seeks to rectify by another amendment. Plaintiff explains that the amended complaint alleged her first amendment claim against the "Board, its agents, or its officers," instead of against Gallogly and Harper personally, as it should have done. Doc. no. 22, p. 3. Plaintiff states that she also made an error in the amended complaint when she removed Gallogly and Harper from the caption. *Id.* Plaintiff's proposed second amended complaint would correct these errors by adding Gallogly and Harper to the caption as named defendants and by clearly making them defendants, in their individual capacities, for purposes of the first amendment claim. Plaintiff argues that these changes would be consistent with the relevant allegations in the original version of the complaint (doc. no. 1, p. 15), which alleged the first amendment claim against Harper and Gallogly in their individual capacities. In addition to seeking leave to amend in order to correct her errors, plaintiff states that if she is not given leave to amend, she will necessarily file another lawsuit in which she will re-allege her original claims against Gallogly and Harper in their individual capacities.

Although the more rigorous standard of Rule 16(b)(4) applies at this stage (as opposed to the more liberal standard of Rule 15), the court will allow the amendment for several reasons. First, diligence is a focus of Rule 16(b)(4). Here, there has been no lack of diligence on plaintiff's part. Assuming plaintiff realized (or could have realized) her errors when the University filed its motion to dismiss, plaintiff moved for leave to amend less than three weeks after the motion to dismiss

was filed.  Second, the original version of the complaint included Gallogly and Harper as individual defendants to the first amendment claim.  Thus, although no claims are stated against these individuals in the current version of the complaint, Gallogly and Harper are not new to this action.  Third, this action is not set for trial until the September 8, 2020 docket.  Fourth, as a matter of judicial economy, there is no reason to put the parties (and the court) through the procedural steps involved in the filing of another action against Gallogly and Harper, which would be followed by a transfer of that new action to the undersigned and a consolidation of that new action with this existing action.

After careful consideration, plaintiff's motion for leave to amend is **GRANTED**.  Plaintiff may file her proposed second amended complaint within **SEVEN** days of the date of this order.  If she does not file a timely and compliant second amended complaint or obtain an extension of time within which to do so, the amended complaint (doc. no. 19) will remain the operable pleading (albeit without the first cause of action, which is dismissed in part one of this order).

IT IS SO ORDERED this 18th day of December, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0241p003.docx