UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

SUZETTE GRILLOT,                              )
                                              )
          Plaintiff,                          )
                                              )
v.                                            )    Case No. CIV-19-241-J
                                              )
STATE OF OKLAHOMA ex rel.,                    )
UNIVERSITY OF OKLAHOMA BOARD                  )
OF REGENTS, et al.,                           )
                                              )
          Defendants.                         )

## ORDER

Currently pending is Defendant Gallogly's motion for attorney's fees pursuant to 42 U.S.C.

§ 1988 [Doc. No. 124] to which Plaintiff has objected [Doc. No. 125].   On consideration,

Defendant's motion is DENIED.

42 U.S.C. § 1988(b) provides that the Court, in its discretion, may award reasonable

attorney's fees to the prevailing party.   While prevailing plaintiffs are ordinarily awarded

attorney's fees, "prevailing defendants are only to be awarded attorney's fees when the plaintiff's

claim is 'frivolous, unreasonable, or groundless, or [when] the plaintiff continued to litigate after

it clearly became so.'"  *Browder v. City of Moab*, 427 F.3d 717, 721 (10th Cir. 2005) (quoting

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). "This is a difficult standard to

meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney[']

fees on the plaintiff." *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1203 (10th Cir. 2001).

There is little doubt that Defendant Gallogly was the prevailing party.  However, it is

undisputed that Plaintiff was terminated based on her speech.  The Court ultimately found that

Plaintiff's speech was not constitutionally protected; however, this finding did not equate to a

belief that her lawsuit was "frivolous, unreasonable, or without foundation." *Christiansburg*, 434

U.S. at 421.   Moreover, the Court's decision was made only after reviewing the evidence on

summary judgment and thus the Court does not find that Plaintiff continued to litigate after it

became clear her protected-speech claim would fail.   Accordingly, Defendant Gallogly's motion

for attorney's fees [Doc. No. 124] is DENIED.

ENTERED this 9th day of September, 2021.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

2